## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| McFARLAND, LP, SPRING VILLAGE APARTMENTS, LLC and SPRING VILLAGE, LP, | : : : : | CIVIL ACTION – LAW |
| Plaintiffs | : : | |
| | : | NO. |
| v. | : : | |
| HARFORD MUTUAL INSURANCE COMPANIES and FIRSTLINE NATIONAL INSURANCE COMPANY, PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, CITY OF HARRISBURG, CENTRAL PENN ASPHALT, INC., PENROSE PROPERTIES, INC., GREENEBAUM STRUCTURES, P.C., NESHAMINY CONSTRUCTORS, INC., TRC COMPANIES, INC., F.T. KITLINSKI & ASSOCIATES, HOWARD and MONIQUE HENRY and HOWARD TIRE & AUTO, INC., | : : : : : : : : : : : : : : : : : | JURY TRIAL DEMANDED |
| Defendants | : | |

## **NOTICE OF REMOVAL**

TO: The Honorable Judges of the United States District Court of the Middle District of Pennsylvania

AND NOW, come Defendants, Harford Mutual Insurance Companies ("Harford") and Firstline National Insurance Company ("Firstline"), by and through its undersigned counsel and hereby files this Notice of Removal.

3306976.1

1. Plaintiffs, McFarland, LP and Spring Village Apartments, LLC, "citizens" of Pennsylvania and New Jersey, initiated a civil action in the Court of Common Pleas of Dauphin County on May 3, 2018 by filing a Praecipe for a Writ of Summons (the "First Civil Action"), naming only Firstline, a "citizen" of Maryland, as a Defendant. A copy of the Writ on the First Civil Action is attached as Exhibit "A."

2. Plaintiffs, McFarland, LP, Spring Village Apartments, LLC and Spring Village, LP, commenced a subsequent civil action the Court of Common Pleas of Dauphin County by filing a Praecipe for a Writ of Summons at 2018-CV-02988-CV (the "Second Civil Action"), on May 4, 2018, naming Firstline and Harford, "citizens" of Maryland, as Defendants. A copy of the Writ in the Second Civil Action is attached as Exhibit "B."

3. Plaintiffs filed a Declaratory Judgment Complaint ("DJ Complaint") in the Second Civil Action on July 24, 2018 that purported to join eight additional Defendants (the "Joined Defendants"), which was served on Firstline and Harford on July 30, 2018. A copy of the DJ Complaint is attached as Exhibit "C."

4. On August 14, 2018, Plaintiffs filed a Petition in the First Civil Action indicating that the subject matter of the First Civil Action is the same as the Second Civil Action. A copy of that Petition is attached hereto as Exhibit "D."

5. Correspondence between counsel for the parties shows that the inclusion of the eight Joined Defendants in the DJ Complaint is a sham, a fraudulent joinder solely for the purpose of attempting to deprive this Court of jurisdiction. Copies of that correspondence are attached as Exhibit "E."

6. The First Civil Action was removed to this Court on August 21, 2018.

7. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and the case is removable to this Court pursuant to 28 U.S.C. §1441(b).

8. Firstline and Harford, hereby aver that diversity of citizenship exists between Plaintiffs and the proper Defendants in this case. Plaintiffs are citizens of Pennsylvania and New Jersey, while the legitimate Defendants are citizens of Maryland. Specifically, Plaintiff McFarland, LP, is a Limited Partnership created under the laws of Pennsylvania with a principal place of business at 601 Poplar Street, Apartment E20, Sharon Hill, Pennsylvania; and, according to the Complaint, Plaintiff Spring Village Apartments, LLC, has a principal place of business located at 212 Second Street, Suite 305, Lakewood, New Jersey; and Plaintiff Spring Village, L.P., is a domestic limited partnership created under the laws of Pennsylvania, with a principal place of business at 601 Poplar Street, Sharon Hill, Pennsylvania 19079. Harford and Firstline are insurance companies organized under the laws of Maryland, with principal place of business located at

200 North Main Street, Bel Air, Maryland. (In fact, Harford's correct name is "Harford Mutual Insurance Company.")[1]

9. Although the Plaintiffs added eight other defendants ("Joined Defendants") to the DJ Complaint, seven of whom, at least according to the DJ Complaint, are citizens of Pennsylvania, while TRC Company is identified as located in Massachusetts, they were joined fraudulently in an attempt to destroy diversity and defeat federal jurisdiction, as no claims are asserted against any of them, and none of them has any interest in any genuine dispute in this matter.

10. The DJ Complaint admits at Paragraph 18 that the Joined Defendants were joined only to the extent that they are alleged to be "necessary" and "indispensable" parties to the claims brought against Harford and Firstline. By Plaintiffs' own admission, there are no claims or causes of action asserted against the Joined Defendants.

11. The DJ Complaint concerns coverage under an insurance policy issued by Firstline National Insurance Company to named insured Spring Village Apartments, LLC, Policy No. 8159577, with respect to a property located at 1139 Mulberry Street, Harrisburg, Dauphin County, Pennsylvania.

---

[1] In fact, neither "Harford Mutual Insurance Companies" nor "Harford Mutual Insurance Company" is a proper defendant. The insurance contract attached to the DJ Complaint identifies the entity that issued the policy as "Firstline National Insurance Company."

4

12. The DJ Complaint alleges on or about May 5, 2016 a retaining wall at that property collapsed, causing damage to Plaintiffs' property and the property of third parties.

13. Defendants Harford and Firstline admit there is a legitimate controversy with regard to first party property coverage under the aforementioned policy for property damage to Plaintiffs' property caused by the wall collapse.

14. However, none of the eight Joined Defendants have any stake or interest in that controversy.

15. Plaintiffs, McFarland, LP and Spring Village Apartments, LLC are defendants in litigation initiated by Howard and Monique Henry and Howard Tire & Auto pending in the Dauphin County Court of Common Pleas, Docket No. 2017-CV-01940 ("Henry Action"). A copy of the Henry Action Amended Complaint is included as an exhibit to the DJ Complaint.

16. Although the DJ Complaint purports to assert claims regarding liability coverage for the Henry litigation, such claims are a sham, as Plaintiffs concede at Paragraph 66 that Harford and Firstline are providing Plaintiffs with coverage, including a defense to the Henry litigation.

17. Although Plaintiffs attempt to manufacture a controversy about liability coverage by citing a "reservation of rights," their DJ Complaint identifies no specific dispute about such coverage.

5

18. In fact, Firstline has confirmed its commitment to provide full liability coverage. See letter of Peter J. Speaker, Esquire to Michael R. Kelley, Esquire of August 10, 2018 advising "Firstline will pay up to the $1,000,000 limit to settle the claims against them or satisfy a judgment against them with respect to the civil action pending in Dauphin County at Docket No. 2017-CV-1940," and additional correspondence in Exhibit "E."

**Removal Is Appropriate; Naming of Joined Defendants Constitutes Fraudulent Joinder.**

19. The parties named as Joined Defendants in the Complaint have no interest in the Firstline Insurance policy, and are not insureds under the policy. Further, there is no controversy as to the Third Party Liability Coverage as it applies to the Henry litigation at 2017-CV-01940. See Paragraphs 17 and 18 above. Consequently, the addition of these Co-Defendants constitutes a fraudulent joinder. Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3d Cir. 1992).

20. The Joined Defendants have no interest in the first party property coverage dispute between Harford and Firstline and the plaintiffs to the DJ Complaint.

21. The DJ Complaint does not seek any relief against the Joined Defendants. Boyer v. Snap-on-Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Becker v. Farmington Cas. Co., 2009 U.S. Dist. LEXIS 53967, 2009 WL 1845221

(M.D. Pa. 2009). Plaintiffs have no real intention in good faith to prosecute the action against Joined Defendants.

22. Plaintiffs have no reasonable basis in fact or colorable ground supporting "claims" against the Joined Defendants. Becker v. Farmington Cas. Co., 2009 U.S. Dist. LEXIS 53967, 2009 WL 1845221 (M.D. Pa. 2009); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

23. Upon removal, this Court should dismiss the Joined Defendants as being fraudulently joined.

## Removal Is Appropriate; Co-Defendants Added To The Case Through The Complaint Are Nominal Parties And Not Indispensable To The Action.

24. The Joined Defendants are nominal parties and are not necessary and/or indispensable parties to the DJ action as alleged by Plaintiffs at Paragraph 18 of the DJ Complaint. Shetter v. Amerada Hess Corp., 14 F.3d 934, 938 (3d Cir. 1994); Janey Montgomery Scott, Inc. v. Shepherd Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993).

25. A party is only a necessary party for the purposes of federal jurisdiction if it has a legally protected interest and not merely a financial interest, in the action. Liberty Mutual Insurance Co. v. Treesdale Inc., 419 F.3d 216, 230 (3d Cir. 2005); FRCP 19. In the instant case, the Plaintiffs do not assert any claims or causes of action against the Joined Defendants.

26. After removal, a party's indispensability is a question of federal law. Spring-Ford Area Sch. Dist. v. Genesis Insurance Co., 158 F. Supp.2d 456 (E.D. Pa. 2001), citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n. 22 (1968); Shetter v. Amerada Hess Corp., 14 F.3d 934, 938 (3d Cir. 1994).

27. As there are no causes of action asserted against the Joined Defendants, the Court can grant complete relief without their participation. Becker v. Farmington Cas. Co., 2009 U.S. Dist. LEXIS 53965 *8, 2009 WL 1845221 (M.D. Pa. 2009).

28. FRCP 19 governs whether co-defendants are necessary parties. Pennsylvania law is irrelevant in determining whether the Joined Defendants are necessary and/or indispensable to this action. Spring-Ford Area School Dist. at 483, citing Shetter, 14 F.3d at 937-38; Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 n. 2 (E.D. Pa. 1995).

29. The Joined Defendants have no interest, financial or otherwise, in regard to first party property damage coverage. See e.g. White Pine Insurance v. Bala Inn Inc., 2018 U.S. Dist. LEXIS 34196; 2018 W.L. 114136 (E.D. Pa. March 2, 2018)(holding that tortfeasor plaintiff Smithwick was not an indispensable party or necessary party under Rule 19(a)); Atl. Casualty Insurance Co. v. Dover Roofing, 2018 U.S. Dist. LEXIS 4814; 2018 W.L. 372165 (M.D. Pa. January 11,

2018)(Middle District holding that tortfeasor plaintiff Danner and subcontractor (Miller) were not indispensable parties for declaratory judgment action).

30. The Joined Defendants are not necessary and indispensable parties with respect to this declaratory judgment action under federal law and should be dismissed upon removal.

**Removal Is Appropriate; There Is Complete Diversity Of Citizenship**.

31. Removal is appropriate as this Court has diversity jurisdiction and would have jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-02.

32. This Court, in determining the alignment of parties for jurisdictional purposes [diversity], courts have a duty to look beyond the pleadings and arrange the parties according to their sides in the dispute. To do so, a court must identify the principal purpose of the suit and look at the facts as they existed at the time of the action was commenced to determine the position of the parties. Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 68-69 (1941); Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 289-290, *citing* Bev. Finn. Corp. v. Alpha House and Healthcare Inc., 54 F.3d 157, 159 (3d Cir. 1995); Employers Ins. Of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 864-865 (3d Cir. 1991).

33. Although all but one of the Joined Defendants are identified citizens of Pennsylvania, their true interest, at least according to the DJ Complaint, would be aligned with the Plaintiffs.

34. Therefore, all of the other parties in the case with the exception of the Harford and Firstline are properly considered "plaintiffs" for diversity purposes. Therefore, once realigned, complete diversity of citizenship exists for diversity jurisdiction purposes. Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 68-69 (1941); Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 289-290, *citing* Bev. Finn. Corp. v. Alpha House and Healthcare Inc., 54 F.3d 157, 159 (3d Cir. 1995); Employers Ins. Of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 864-865 (3d Cir. 1991).[2]

---

[2] It may be argued on remand that the Eleventh Amendment serves as a bar to this Honorable Court's jurisdiction over the Pennsylvania Department of Transportation. However, while generally the Eleventh Amendment provides for sovereign immunity to states and insulates them from federal jurisdiction, the Eleventh Amendment does not preclude a state from being a plaintiff in federal court. It is well settled that in a removal context the Eleventh Amendment is not implicated when a state is the plaintiff as would be the cases here on realignment. See e.g. West Virginia ex rel. McGraw v. Comcast Corp., 705 F. Supp.2d 441 (E.D. Pa. 2010), citing In re: Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 111, 118-20 (2d Cir. 2007)(noting that a long line of Supreme Court cases, from Ames v. Kansas, 111 U.S. 449 (1884) to Illinois v. City of Milwaukee, 406 U.S. 91, 101 (1972) have held that defendants may remove cases to federal court in which a state is a plaintiff.) Harford and Firstline would distinguish the Third Circuit's holding in In re: Flonase Antitrust Litig., 879 F.3d 61 (3d Cir. 2017) as being distinguishable on its facts as that litigation sought judgment against a sister state, Louisiana. Further, the Third Circuit limited its own holding by distinguishing similar precedent cited by Glaxo Smith Klein ("GSK"), "We distinguished these Supreme Court and sister circuit cases from the case at bar because of the *private parties* in the cases cited by GSK sought legal or equitable remedies against the state." (italics in original).

35. As the Plaintiffs admit in the DJ Complaint, PennDOT is only added to the extent it may have an interest in the outcome of the claims against Harford and Firstline. (In fact, PennDOT has no interest whatsoever.) Plaintiffs, therefore, concede they are not seeking any legal or equity remedies against PennDOT. Moreover, Harford and Firstline do not seek any legal or equity remedy *against* the Commonwealth of Pennsylvania (PennDOT).

**Removal Is Appropriate; The Requisite Amount In Controversy Is Satisfied**.

36. The DJ Complaint alleges at paragraph 73 that Plaintiffs have suffered damages in excess of $1,000,000.00 plus incidental and consequential damages.[3]

37. Accordingly, it is evident that the amount in controversy is in excess of $75,000.00 exclusive of interest, attorneys' fees and costs.

**Removal Is Appropriate; Removal Is Timely**.

38. Pursuant to 28 U.S.C. §1446(b), this Notice is timely since it was filed within thirty (30) days of receipt of a copy of the DJ Complaint.

**Removal Is Appropriate; All Of The Elements Are Satisfied**.

39. Because all other parties are citizens of different states other than Firstline and Harford, and because the amount in controversy is in excess of

---

[3] See e.g. Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995) and Manze v. State Farm Insurance Co., 817 F.2d 1062 (3d Cir. 1987); Caregis Insurance Co. v. Schuster, et al., 127 F. Supp.2d 683, 686 (E.D. Pa. 2001)("With respect to a declaratory judgment action on an insurance contract, as in this case, the amount in controversy is determined by assessing the value of the underlying legal claims for which insurance coverage is sought.")

11

$75,000.00, exclusive of interest, attorneys' fees and costs, this action is removable to this Court pursuant to 28 U.S.C. §1441.

40. Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. §1446(d).

41. A true and correct copy of this Notice of Removal is being filed with the Prothonotary in the Court of Common Pleas of Dauphin County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

WHEREFORE, Defendants, Harford Mutual Insurance Companies and Firstline National Insurance Company request that this action proceed in this Court as an action properly removed.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By: _____
Peter J. Speaker, Esquire
Attorney ID No. 42834
P. O. Box 999
Harrisburg, PA 17108
(717) 255-7629
*Counsel for Defendants, Harford Insurance Companies and Firstline National Insurance Company*

Date: August 21, 2018

## **CERTIFICATE OF SERVICE**

I, Janet T. McGarvey, an employee of the law firm of Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing Notice of Removal was caused to be served upon the following entities and in the following manner:

### **Via U.S. Mail:**

Michael R. Kelley, Esquire
Adam G. Klein, Esquire
Smigel, Anderson & Sacks, LLP
4431 North Front Street
Harrisburg, PA  17110-1709

Pennsylvania Department of Transportation
Office of Chief Counsel
Commonwealth Keystone Building, 9th Floor
400 North Street
Harrisburg, PA  17120-0041

City of Harrisburg
10 North Second Street
Harrisburg, PA  17101

Penrose Properties, Inc.
One Brewery Park
1301 North 31st Street
Philadelphia, PA  19121

Penrose Properties, Inc.
230 Wyoming Avenue, Suite 5
Kingston, PA  18704

Central Penn Asphalt, Inc.
3701 G Derry Street
Harrisburg, PA  17111

Greenebaum Structures, P.C.
26-28 Market Square, Suite 2
Manheim, PA  17545

Neshaminy Constructors, Inc.
1839 Bustleton Pike
Feasterville, PA  19053

TRC Companies, Inc.
650 Suffolk Street
Lowell, MA  01854

F.T. Kitlinski & Associates, Inc.
3608 North Progress Avenue
Harrisburg, PA  17110

Howard and Monique Henry
335 Hemlock Lane
Etters, PA  17319

Howard Tire & Auto, Inc.
205 South Cameron Street
Harrisburg, PA  17101

*/s/ Janet T. McGarvey*
Janet T. McGarvey

Date:  August 21, 2018